# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

JULIO VERDE on his own behalf and
on behalf of all others similarly situated,

    Plaintiff,

v.

YEN'S ENTERPRISES, INC. and
HUNG-JEN YEN,

    Defendants.

___

## COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES
___

Plaintiff, by and through undersigned counsel, files this Collective Action Complaint for Unpaid Wages against the above-listed Defendants.

### STATEMENT OF THE CASE

1. Plaintiff and those similarly situated are currently, or were formerly, employed by Defendants to work long hours for low wages in the kitchen of Defendants' restaurant in Idaho Springs, Colorado.

2. Defendants refused to pay these employees overtime premiums for overtime hours worked.

3. Defendants thus violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

4. Defendants also failed to provide their kitchen employees with paid rest periods during their shifts.

5. Defendants violated the Colorado Minimum Wage Act, C.R.S. § 8-6-101 *et seq.*, as implemented by the Colorado Minimum Wage Order ("MWO") and the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7 C.C.R. 1103-1, because the MWO and COMPS require employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek. The MWO and COMPS also require employers to provide their employees with ten-minute rest periods for each four-hour work period.

6. Plaintiff seeks compensation for Defendants' wage law violations on his own behalf and on behalf of all other similarly-situated hourly employees of Defendants.

## **PARTIES, JURISDICTION, AND VENUE**

7. Plaintiff Julio Verde was employed by Defendants from approximately August, 2017 through approximately May, 2018 and again from approximately April, 2019 through approximately May 15, 2020. Plaintiff Verde's signed FLSA Consent to Sue Form is attached to this Complaint as Exhibit 1.

8. Defendant Yen's Enterprises, Inc. is a registered Colorado corporation with a principal street address of 2700 Colorado Blvd., Idaho Springs, Colorado 80452.

9. Defendant Hung-Jen Yen is an owner and manager of Yen's Enterprises, Inc.

10. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.*

11. Plaintiff requests that this Court exercise supplemental jurisdiction over his claims arising under the MWO and the COMPS. 28 U.S.C. § 1367.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

**FACTUAL ALLEGATIONS**

13. Plaintiff and those similarly situated are or were kitchen workers at Defendants' "Eric's Asian Cafe" in Idaho Springs, Colorado. They prepared food, washed dishes, cleaned the kitchen, worked the deep fryer and performed other kitchen duties.

14. Though Plaintiff and those similarly situated regularly worked more than 40 hours each workweek, Defendants refused to pay their employees overtime wages for overtime hours worked.

15. For example, Plaintiff worked six days per week, from approximately 10:30 a.m. until approximately 9:00 p.m., without being paid overtime premiums for the approximate 23 hours beyond 40 he worked each workweek. Defendants' other kitchen employees worked similar schedules and were not paid overtime premiums for overtime hours worked.

16. Rather than pay their kitchen employees overtime wages, Defendants paid them low salaries which yielded hourly rates around $12.00 per hour, with no overtime compensation.

17. Defendants also failed to provide Plaintiff and those similarly situated with compensated 10-minute break periods for each 4-hour work period.

18. Each year relevant to this action, Plaintiff and other employees handled foodstuffs, cleaning materials, restaurant equipment, plates, silverware and other materials which moved in interstate commerce.

19. Plaintiff Verde was not a supervisor and was not exempt from the protections of the FLSA, MWO or COMPS. Plaintiff Verde spent the vast majority of his working time cleaning the kitchen, washing the restaurant's dishes, preparing food, working the deep fryer and performing other kitchen duties. Because he was a long-time employee, Plaintiff Verde occasionally trained new employees regarding their job duties. These training periods were *de*

*minimus* compared with the rest of his time spent performing kitchen duties and in no way approached 50% of his work time. Rather, because he was a long-time employee, Plaintiff Verde occasionally supplied the Defendants with phone numbers for prospective employees, upon Defendants' request. Plaintiff Verde did not have input into the restaurant's hiring and firing decisions. Plaintiff Verde did not have any authority over other employees' rates of pay or work schedules, nor did he maintain any records for use in supervision of other employees. Other employees' workplace grievances were handled by Defendants, not Plaintiff Verde, and he had no authority (exercised or potential) to discipline other employees. Plaintiff Verde had no input into planning or controlling the restaurant's budget, and did not monitor or implement any legal compliance measures. Plaintiff Verde was not exempt from the protections of the FLSA, MWO or COMPS.

20. Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

21. Defendant Hung-Jen Yen, at all material times, exercised operational and financial control over Yen's Enterprises, Inc. and exercised control over Yen's Enterprises, Inc.'s employees' terms and conditions of employment. For example, Defendant Hung-Jen Yen hired and fired his employees, made all important financial decisions regarding the enterprise, controlled his employees' rates of pay, and made the decisions to avoid paying overtime rates for overtime hours worked and to deny his employees paid rest breaks.

### § 216(b) COLLECTIVE ACTION ALLEGATIONS AS TO THE FIRST CLAIM

22. Plaintiff brings his FLSA claim as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated employees currently and formerly

employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the collective action as encompassing:

> All kitchen employees who worked on or after August 5, 2017.

23. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

24. All potential collective action opt-in Plaintiffs are similarly situated because they worked for Defendants as kitchen employees and were subject to Defendants' common policy of avoiding overtime wage payments.

### FIRST CLAIM – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

25. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

26. Plaintiff asserts this count on his own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

27. Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

28. Defendants "employed" the Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

29. Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

30. Defendants violated the FLSA when they refused to pay Plaintiff and others overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

31. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

32. Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

33. Plaintiff and others are entitled to recover unpaid overtime premiums liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

**SECOND CLAIM – Failure to Pay Overtime Premiums**
**<u>Violation of the MWO and the COMPS, 7 CCR 1103-1</u>**

34. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

35. Defendants were Plaintiff's and those similarly situated's "employers" as that term is defined by the MWO and the COMPS because they employed Plaintiff and others in Colorado.

36. Plaintiff and others were Defendants' "employees" as that term is defined by the MWO and the COMPS because they performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor they would perform.

37. Defendants engage in a Food and Beverage enterprise that prepares and offers for sale, food and beverages for consumption either on or off the premises and is thus covered by the MWO.

38. Defendants violated the MWO and the COMPS when they refused to pay Plaintiff and others overtime wages for all hours worked beyond forty each workweek.

39. Defendants violated the MWO and the COMPS when they failed to provide Plaintiff and others with 10-minute rest periods for each 4-hour period worked.

40. Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

41. Plaintiff and others are entitled to recover unpaid wages, attorney fees and costs of the suit.

**WHEREFORE**, Plaintiff prays, as to his FIRST CLAIM, that:

a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

b. He and the 216(b) Class be awarded unpaid overtime premiums;

c. He and the 216(b) Class be awarded liquidated damages as required by law;

d. He and the 216(b) Class be awarded pre-judgment and post-judgment interest as permitted by law;

e. He and the 216(b) Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

f. He and the 216(b) Class be awarded such other and further relief as may be necessary and appropriate.

And, as to his SECOND CLAIM, that:

a. Plaintiff and others be awarded the wages they are due, together with attorney fees and costs of suit.

b. Plaintiff and others be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*s/ Brandt Milstein*
**Brandt Milstein**
Milstein Law Office
2400 Broadway, Suite B
Boulder, CO 80304
303.440.8780
brandt@milsteinlawoffice.com

*Attorney for Plaintiff*