IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02314-NRN

JULIO VERDE on his own behalf and
on behalf of all others similarly situated,

Plaintiff,

v.

YEN'S ENTERPRISES, INC. and
HUNG-JEN YEN,

Defendant.

## ORDER FORMALLY REPRIMANDING COUNSEL CHARLES STAFFORD MCINTYRE IV AS SANCTION

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter comes before the Court on the Court's Order to Show Cause (Dkt. #21), issued June 3, 2021. The Order to Show Cause was issued because Mr. McIntyre, counsel for Defendants, failed to appear at a scheduled telephonic status conference on June 3, 2021. It was the second time that Mr. McIntyre had failed to appear timely at a scheduled conference. When Mr. McIntyre previously failed to appear on December 22, 2020, the Courtroom Deputy emailed and called Mr. McIntyre's office, and he eventually called in.

On June 3, 2021, when he again failed to appear, the Courtroom Deputy again attempted to reach Mr. McIntyre by email, but there was no response and Mr. McIntyre never appeared for the status conference.

In his Response to Order to Show Cause (Dkt. #25), Mr. McIntyre explained that he provides legal services to immigrants who lack an understanding of the American legal system. Fifteen minutes before the scheduled status conference, a former client and her extended family appeared at his office, distressed because arrest warrants had been issued for them for a variety of crimes, including conspiracy, cultivation of marijuana, violation of Colorado's equivalent of the federal RICO statute, possession with the intent to distribute marijuana, and money laundering. (*See* Dkt. #25-2.) Mr. McIntrye says that "[b]ecause there were no outstanding issues to address at the status conference, counsel chose to address an immediately pressing legal need for individuals that have no access to legal resources." (Dkt. #25 at 3, ¶ 15.)

Mr. McIntyre gives no explanation as to why he could not ask the clients to wait just a few minutes while he called in for the status conference. Nor does he give any explanation as to why, if it were truly an emergency, he could not have called or emailed chambers to explain his absence. He did neither of those things, and the Court proceeded with the status conference without Mr. McIntyre. Mr. McIntyre fails to grasp that by not showing up at the status conference, he left his other clients, the defendants in this case, without any representation.

In addition, Mr. McIntyre's statement that "there were no outstanding issues to address at the status conference" was false. No one had filed a notice of dismissal or settlement prior to the status conference. The Court was left to accept only one side's representation that the case had settled. The settlement apparently requires payment over time and the Parties had hoped the Court would keep the case open on its docket until next year when the final settlement payments are anticipated. That is not how

matters are typically handled, and the Court had a colloquy with Plaintiff's counsel about the propriety of administratively closing the case pending final payments. But Mr. McIntyre was not there to weigh in on the issue of administrative closure, which could have been accomplished at the status conference but for Mr. McIntyre's absence. Instead, Plaintiff's counsel had to further confer with Ms. McIntyre and another document had to be filed confirming the propriety of administrative closure. (*See* Dkt. #23.)

Mr. McIntyre's Response to Order to Show Cause contains no apology for having wasted the Court and opposing counsel's time and, worse, contains the promise that, given the same situation, he would make the same choice again by consciously electing not to attend a hearing and leaving the Court and opposing counsel to wonder where he is and why he seems unable to appear for court on time. Indeed, as he proclaims in his Response to Order to Show Cause, "when weighing an immediate need to assist individuals who fall into the justice gap with a status conference on an already settled case, counsel respectfully chooses the former." (Dkt. #25 at 4, ¶ 17.)

This is unacceptable. There was no emergency. His clients could have waited the 10 minutes that the status conference was likely to take. By consciously deciding not to appear at the status conference he effectively abandoned his existing clients, the Defendants in this case. The Court had questions about the settlement and settlement procedures that were left unanswered because of his absence. Mr. McIntyre's conduct, his unapologetic response to the Order to Show Cause, and his promise to behave the same way in the future, show a lack of respect for the Court, the judicial process, and his obligations as an officer of the court.

Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . ***fails to appear at a scheduling or other pretrial conference*** . . . ." Fed. R. Civ. P. 16(f)(1)(A) (emphasis added).

Rule 37(b)(2)(A)(ii)–(vii), which is referenced in Rule 16(f), permits the imposition of a variety of sanctions, including:

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

**(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.**

Fed. R. Civ. P. 37(b)(2)(A)(ii)–(vii) (emphasis added).

As an alternative to a monetary or other form of sanction, a district court may sanction an attorney via a formal reprimand. *Jenkins v. Methodist Hospitals of Dallas, Inc.*, 478 F.3d 255 (5th Cir. 2007) (affirming public reprimand sanctions against plaintiff's attorney for misrepresentation in brief); *Precision Specialty Metals, Inc. v. United States*, 315 F.3d 1346 (Fed. Cir. 2003) (affirming formal reprimand as sanction for Rule 11 violation); *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1199 (9th Cir. 1999) ("Formal reprimand of an attorney by the district court is a possible sanction."); *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir.1987) ("In addition to financial penalties courts may sanction by . . . written admonition."); *Thomas v. Capital Sec.*

Case 1:20-cv-02314-NRN   Document 26   Filed 06/14/21   USDC Colorado   Page 5 of 5

*Servs., Inc.*, 836 F.2d 866, 878 (5th Cir. 1988) ("[A]s a less severe alternative to monetary sanctions, district courts may choose to admonish or reprimand attorneys . . . .").

Based Mr. McIntyre's failure to timely appear at a scheduled court appearance without adequate justification, Mr. McIntyre is FORMALLY ADMONISHED and REPRIMANDED. Any future failure to appear, absent substantial justification, will likely result in more severe sanctions, including monetary sanctions, and referral to the District's Committee on Conduct.

Dated: June 14, 2021  
       Denver, Colorado

*N. Reid Neureiter* (signature)  
N. Reid Neureiter  
United States Magistrate Judge